**UNITED STATES of America,**
**Appellee,**

v.

**Jeiny Raquel PENA, Defendant–**
**Appellant,**

**Alvaro Raul Garcia, Defendant.**

**No. 07–0078–cr.**

United States Court of Appeals,
Second Circuit.

April 23, 2008.

Jonathan E. Green, Assistant United States Attorney, (Peter A. Norling, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Patrick J. Brackley, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Jeiny Raquel Pena appeals from a judgment entered on November 17, 2006, convicting her, following a jury trial, of one count of conspiracy to commit tax fraud, in violation of 18 U.S.C. § 286, and six counts of tax fraud, in violation of 18 U.S.C. § 287. She was sentenced to time served and two years of supervised release, and was ordered to pay a $700 assessment and restitution in the amount of $561,789. She challenges her conviction on appeal. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Pena raises four main issues on appeal. She argues (1) that the district court erred in denying her motion for a new trial based on "newly discovered evidence" pursuant to Rule 33 of the Federal Rules of Criminal Procedure; (2) that she was prejudiced by the district court's failure to instruct the jury on a multiple conspiracy charge; (3) that the government introduced testimony concerning her invocation of her right to counsel, thus violating her Fifth Amendment privilege against self-incrimination and her right to due process, and (4) that she received ineffective assistance of counsel.

We review a district court's decision to deny a Rule 33 motion for "abuse of discretion, upholding findings of fact that were made in the course of deciding the motion[ ] unless they are clearly erroneous." *United States v. Stewart*, 433 F.3d 273, 295 (2d Cir.2006). Pena contends that the district court made an error of law by denying the motion on the ground that the testimony proffered by her co-conspirator at Pena's sentencing did not constitute newly discovered evidence. Her argument, that as the testimony was "newly available," it should be considered "newly discovered," is foreclosed by this Court's recent opinion in *United States v. Owen*, 500 F.3d 83 (2d Cir.2007).

Pena's objection to the court's failure to instruct on multiple conspiracies is raised for the first time on appeal. We have said that "[w]hile a defendant's failure to object may waive his right to a multiple conspiracy instruction, even where one is warranted, a conviction will be reversed where the defendant can show that (1) the indictment charged a single conspiracy, but the proof disclosed several independent conspiracies, and (2) defendant was so prejudiced by this variance as to be denied a fair trial." *United States v. Desimone*, 119 F.3d 217, 225–26 (2d Cir. 1997). We find no error, much less prejudice, resulting from the court's instruction.

Pena's next argument—that the government's introduction of certain testimony concerning Pena's husband's advice to her not to talk to agents of the Internal Revenue Service violated her Fifth Amendment privilege against self-incrimination and her right to due process—was not raised below. We therefore review the admission of the testimony under plain error analysis. To succeed under such analysis, Pena must show that there was an error, that it was plain, and that it affected substantial rights. *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir.2001) (en banc). "In addition, even if these three requirements are met, we only exercise our discretion to notice the error if the plain error prejudices the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Gaines*, 295 F.3d 293, 301 (2d Cir.2002). Especially in view of Pena's contention at trial that she was unaware of her husband's fraudulent machinations, we doubt whether there was any error in the receipt of this evidence. If there was error, it did not involve a violation of Pena's Fifth Amendment privilege or of her due process rights. Even assuming *arguendo*

that the evidence should not have been received, any such error was neither "plain," nor of sufficient importance to "affect substantial rights" or "prejudice the fairness" of the proceeding.

■ Finally, Pena claims that she suffered ineffective assistance of counsel at trial. As "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), we dismiss her claim without prejudice to its being brought as part of a subsequent § 2255 motion.

We have considered all of Appellant's claims and find them to be without merit. The judgment of the district court is AFFIRMED. Pena's claim of ineffective assistance is DISMISSED without prejudice.